Titone, J.
(dissenting). I cannot join in the majority’s conclusion that the freezing of a sprinkler head in plaintiffs building was not the "proximate, efficient and dominant cause” of plaintiffs loss (majority mem, at 1010). Where the danger of property damage is the principal concern, it is not the subfreezing weather itself that poses the significant threat, but rather the harm that may result when inanimate objects are exposed to temperatures that they were not made to endure.
As any owner of a home or other property with running water knows, the risk of ruptured pipes is one of the primary hazards associated with freezing temperatures. Since water expands when it freezes, there is always a substantial risk that, as the temperature drops below 32 degrees Fahrenheit, inelastic water-bearing vessels will split or break apart, spilling their liquid contents onto the property and fixtures below. Thus, contrary to the majority’s conclusion, a clause in an insurance contract excluding damages caused by "extremes of temperature” or "freezing” could only be construed by a reasonable business person as applying to the water damage that inevitably ensues when water-bearing pipes freeze and burst. Indeed, as a matter of common sense and experience, such water damage may well be the chief peril that is contemplated by a clause referring to harms caused by freezing temperatures.
Inasmuch as the water damage in this case was clearly the "direct and obvious” product of the property’s exposure to subfreezing temperatures, it is irrelevant that other exclusionary clauses may have encompassed hazards that were related more remotely to the ultimate harm (see, majority mem, at 1011). Here, the exclusionary clause on which defendant in *1012 surer relies was unquestionably applicable, and, accordingly, the order of the Appellate Division granting defendant insurer summary judgment should be affirmed.
Acting Chief Judge Simons and Judges Kaye, Hancock, Jr., and Bellacosa concur in memorandum; Judge Titone dissents and votes to affirm in an opinion; Judge Smith taking no part.
Order reversed, etc.